UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


FILED
SEP 28 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

NORA THOMPSON,            )
                          )
    **Plaintiff,**        )
                          )
v.                        )     Civil Action No. 16-1662
                          )
DISTRICT OF COLUMBIA,     )
                          )
    **Defendant.**        )

# MEMORANDUM OPINION
September **28**, 2017 [Dkt. # 12]

Plaintiff, Nora Thompson ("Thompson" or "plaintiff"), brings this action, alleging that defendant, the District of Columbia ("District" or "defendant"), discriminated against her, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. Thompson also alleges that she was subjected to a hostile work environment, in violation of the ADA, and retaliation. This matter is now before the Court on defendant's Motion to Dismiss or for Summary Judgment [Dkt. # 12]. Upon consideration of the parties' submissions and the entire record herein, defendant's motion is GRANTED and plaintiff's case will be DISMISSED with prejudice.

## BACKGROUND

Thompson—who was 61-years-old at the time she filed her amended complaint in this case—began working as a library technician at the District of Columbia Department of Corrections ("DOC") on May 17, 2004. Am. Compl. ¶¶ 6-7 [Dkt. # 4]. Thompson

1

uses a walking cane, and she claims that she has a perceived disability to walk. *Id.* at ¶ 7; Pl.'s Opp. to Def.'s Mot. ("Pl.'s Opp."), Ex. 1 ("Pl.'s Ex. 1"). Although she accepted the position of library technician "with the understanding that she would be eligible for promotion to a higher paying law library position when it became available," Thompson was never given a promotion. Am. Compl. ¶¶ 9-10. In May of 2009, Teresa A. Ward ("Ward") was given the job of Legal Instruments Examiner, which pays a higher salary than the position of library technician. *Id.* at ¶ 11. Ward is 15 years younger than plaintiff, and she was under the age of 40 when she began working as Legal Instruments Examiner. *Id.* Plaintiff alleges that Ward "did not have educational qualifications and work experience comparable" to her, and that she did not have a disability. *Id.* at ¶¶ 11-12. When the position of Legal Instruments Examiner subsequently became vacant again, plaintiff claims that she applied for the job and was rejected. *Id.* at ¶ 13. Thompson asserts that she "has been continually rejected" for that job and other open positions at the DOC. *Id.*

Beginning in approximately 2012, Thomson alleges she has experienced harassment from DOC Corporal Susan Briscoe-Armstrong ("Briscoe-Armstrong"), who provides security for the prison library. *Id.* at ¶ 14. Plaintiff alleges that Briscoe-Armstrong has attempted to intimidate her by "having prisoners verbally abuse [her], falsely accusing [her] of not working, and tracking all of [her] movements in and around the library." *Id.* Plaintiff alleges that she "filed a Cease and Desist Order" against Briscoe-Armstrong in April of 2015, and again in October of 2015, but nothing was done to resolve her complaints. *Id.* at ¶¶ 15-17. On November 15, 2015, Thompson "filed a

Civil Protection Order (CPO)" against Briscoe-Armstrong in the Civil Division of the Superior Court of the District of Columbia, but again, nothing was done. *Id.* at ¶ 18.

In December of 2015, Briscoe-Armstrong filed a complaint against Thompson for harassment. *Id.* at ¶ 19. Thompson did not respond to the complaint, despite direct orders from her supervisors to do so. Def.'s Mot. to Dismiss, Ex. 2 ("Def.'s Ex. 2"). Thompson's immediate supervisor, Dr. James Greene ("Greene") determined that Thompson's refusal to respond violated the DOC's policies on investigations and the chain of command, so Greene charged Thompson with insubordination. *Id.* Thompson was accordingly suspended without pay for five calendar days, from February 22, 2016 through February 26, 2016. *Id.*; Am. Compl. ¶ 20. On March 29, 2016, Thompson filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Def.'s Mot. to Dismiss, Ex. 3 ("Def.'s Ex. 3"); Am. Compl. ¶ 22. In her EEOC charge, Thompson claimed that she experienced discrimination based on her age and disability, and that Briscoe-Armstrong created a hostile work environment by harassing her and getting the inmates to harass her. *See* Def.'s Ex. 3.

On May 12, 2016, Thompson received a Letter of Counseling from LaToya Lane ("Lane"), the Deputy Warden of Programs. Am. Compl. ¶ 23; Def.'s Mot. to Dismiss, Ex. 4 ("Def.'s Ex. 4"). According to Lane's letter, Thompson violated DOC procedures by allowing an inmate greater access to the library than what was permitted. *Id.* The letter stated, in relevant part, that the "counseling is expected to correct your behavior. Any further non-compliance will result in corrective/adverse action being taken against you." Def.'s Ex. 4.

Plaintiff filed her original complaint in this case on August 17, 2016, and then filed an amended complaint in November of that year. *See* Compl. [Dkt. # 1]; Am. Compl. In her amended complaint, plaintiff alleges one count of discrimination in violation of the ADA, *see* Am. Compl. ¶¶ 25-32, one count of discrimination in violation of the ADEA, *see id.* at ¶¶ 33-39, one count of a hostile work environment in violation of the ADA, *see id.* at ¶¶ 40-45, and one count of retaliation, *see id.* at ¶¶ 46-52.

In particular, plaintiff alleges that, even though she has made "numerous attempts to apply to open positions," she "has been passed over for numerous promotional opportunities," despite "her educational qualifications and experience." *Id.* at ¶¶ 29-30. Thompson attributes this failure to promote to discrimination "on the basis of her disability and a record or perception of disability" and "because of her age." *Id.* at ¶¶ 31, 37. With respect to her hostile work environment claim, plaintiff alleges that Briscoe-Armstrong "deliberately intimidated, frustrated and harassed [her] for over four years," and that, "despite [her] many complaints to her superiors," the District did nothing, thereby "breach[ing] its duty to Plaintiff by failing to prevent and remedy the harassment and hostile workplace." *Id.* at ¶¶ 42, 44. Finally, plaintiff alleges that the letter of counseling she received was issued as retaliation for Thompson's filing of a charge of discrimination. *Id.* at ¶ 50; Pl.'s Opp. 10-11.

Plaintiff claims that she has suffered, and continues to suffer "severe emotional distress, fear, embarrassment, humiliation and mental anguish" as a result of defendant's actions and omissions. Am. Compl. ¶¶ 32, 38, 45, 52. She accordingly requests

compensatory damages in excess of $300,000, as well as attorneys' fees and costs. *Id.* at 9

On February 6, 2017, the District filed its Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, for Summary Judgment. *See* Def.'s Mot. to Dismiss Pl.'s Am. Compl., or in the Alternative, for Summ. J. ("Def.'s Mot.") [Dkt. # 12]. Among other arguments, the District insists that plaintiff has failed to state a claim for discrimination and hostile work environment, has failed to demonstrate that she is disabled, and has failed to exhaust her administrative remedies. *Id.* 6-13. The District's motion is fully briefed and is ripe for my review.

## STANDARD OF REVIEW

Defendant has filed a motion to dismiss, or in the alternative, for summary judgment. Because the parties have presented materials outside the pleadings, and I have relied upon these materials in this Memorandum Opinion, I will treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d); *House v. Salazar*, 598 F. Supp. 2d 89, 91 (D.D.C. 2009). A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). And in deciding whether there is a disputed issue of material fact, the Court must draw all justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## DISCUSSION

### A. Plaintiff's Discrimination Claim under the ADA

To establish a *prima facie* case of discrimination under the ADA, Thompson was required to show: "(1) [s]he is a member of a protected class; (2) [s]he suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." *Sheller-Paire v. Gray*, 888 F. Supp. 2d 34, 41 (D.D.C. 2012). Unfortunately for plaintiff, her ADA claim fails at step one because she has not shown that she is disabled, and thus a member of a protected class.

The law is clear that a plaintiff claiming discrimination under the ADA "must adequately allege facts sufficient to support the claim that [she] has a 'disability' within the meaning of the ADA, or else be subject to dismissal." *Mitchell v. Yates*, 402 F. Supp. 2d 222, 227-29 (D.D.C. 2005). Our Circuit has held that, within the meaning of the ADA, a person is disabled if: "(1) [s]he suffers from an impairment; (2) the impairment limits an activity that constitutes a major life activity under the [ADA]; and (3) the limitation is substantial." *Haynes v. Williams*, 392 F.3d 478, 482 (D.C. Cir. 2004) (construing 42 U.S.C. § 12102(2)(A) (2006)). Pursuant to EEOC regulations, an "impairment is a disability . . . if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii) (2012). But the Supreme Court has clarified that "[i]f jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs." *Sutton v. United Air Lines, Inc.*,

527 U.S. 471, 488–89, (1999), *superseded by statute on other grounds*, ADA Amendments Act of 2008, Pub. L. No. 110–325, § 3(4)(e)(i), 122 stat. 3553.

Here, plaintiff's only evidence to support her claim that she is disabled is her assertion that she "has a perceived disability to walk," Am. Compl. ¶ 7, and a letter from the deputy warden authorizing her to use "a walking cane." Pl.'s Ex. 1. Plaintiff never identifies this disability, nor does she allege whether—or how—this disability to walk impacts her ability to perform certain jobs. To the contrary, Thompson alleges that "she can perform the essential functions of her employment position with or without reasonable accommodation, despite her perceived disability." *Id.* at ¶ 27. And she insists that she performs her duties "at a high level." *Id.* at ¶ 10. As such, Thompson concedes that she was capable of performing the duties of her job, as well as the other DOC positions to which she applied.

Similarly, plaintiff's conclusory assertion that she has "a record or perception of disability" is plainly insufficient to show either that her superiors mistakenly regarded her as having a disability or that she did, in fact, have a record of a disability. *See Sutton*, 527 U.S. at 478 ("[T]o fall within th[e] definition [of disabled,] one must have an actual disability . . . , have a record of a disability . . . , or be regarded as having one."). Thompson accordingly has failed to satisfy her *prima facie* case of discrimination under the ADA.

## B. Plaintiff's Discrimination Claim under the ADEA

Before turning to the merits of plaintiff's ADEA claim, I must first determine which alleged adverse employment actions are subject to my review. It is well-

established that "Title VII requires that a person complaining of a violation file an administrative charge with the EEOC and allow the agency time to act on the charge." *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995). The same standard applies in the ADEA context. *See Duncan v. Johnson*, 213 F. Supp. 3d 161, 175 (D.D.C. 2016) ("Both the ADEA and Title VII require that before filing a lawsuit in federal court, a plaintiff must timely pursue and exhaust administrative remedies."). And our Circuit has held that a discrimination lawsuit brought after an EEOC charge must be limited only to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Park*, 71 F.3d at 907. Importantly, "the requirement of some specificity in a charge is not a mere technicality," and "[a] court cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the . . . administrative process." *Id.* (internal quotation marks and citations omitted).

Here, plaintiff does not mention the insubordination charge against her, the 5-day suspension she received, or the letter of counseling *anywhere* in her EEOC charge. Instead, she claims only that she "applied for a clerical position in the director's office in October, 2015" in order to escape Briscoe-Armstrong's harassment, but that she did not get hired for the position because of her age. Def.'s Ex. 3. Our Circuit has instructed that "[t]he goals behind the requirement of prior resort to administrative relief would be frustrated if the filing of a general charge with the EEOC would open up the possibility of judicial challenges to any related conduct that took place in connection with the employment relationship." *Park*, 71 F.3d at 908. I accordingly will not consider any

allegations outside the scope of Thompson's EEOC charge in reviewing her ADEA claim.

Thus, the only question remaining is whether the DOC's failure to hire Thompson for a clerical position in October, 2015 was motivated by age discrimination. I hold that it was not. Plaintiff's complaint makes no mention of her application for a clerical position in October of 2015. Nor does she indicate whether the position to which she applied was filled by a person outside the protected class. Indeed, the only allegation that could possibly be construed as bearing on plaintiff's non-promotion claim is her assertion that "[d]espite Plaintiff's numerous attempts to apply to open positions, Defendant has not considered Plaintiff for these positions." Am. Compl. ¶ 30. But this assertion falls well shy of pleading—let alone establishing—age discrimination. *See Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1155 (D.C. Cir. 2004) ("To establish a prima facie case under the ADEA, for a claim involving a failure to hire, the plaintiff must demonstrate that (1) she is a member of the protected class (*i.e.*, over 40 years of age); (2) she was qualified for the position for which she applied; (3) she was not hired; and (4) *she was disadvantaged in favor of a younger person*." (second emphasis added)).

And the evidence Thompson submitted with her opposition to defendant's motion in this case further undermines her theory that she was rejected for this clerical position because of her age. Attached as exhibit 2 to plaintiff's opposition is a print-out of Thompson's past and pending job applications. Pl.'s Opp., Ex. 2 ("Pl.'s Ex. 2"). These positions variously note that her applications are "Incomplete," have been "Received," are "Under Review," or were "Rejected." *Id.* But the clerical position for which

Thompson applied in October of 2015 is simply marked as "Application Received." *Id.* It is thus doubtful whether the position at issue has even been filled yet, let alone whether it has been filled by a person outside the protected class. Plaintiff's ADEA claim accordingly fails.

## C. Plaintiff's Hostile Work Environment Claim

To establish a *prima facie* hostile work environment claim based on disability, a plaintiff must allege facts demonstrating that: "(1) she is disabled or is perceived as disabled; (2) she was subjected to unwelcome harassment; (3) the harassment occurred because of her disability or the perception that she was disabled; (4) the harassment affected a term, condition, or privilege of employment; and (5) there is a basis for holding the employer liable for the creation of the hostile work environment." *Floyd v. Lee*, 968 F. Supp. 2d 308, 328 (D.D.C. 2013). As I concluded in my earlier discussion of Thompson's disability discrimination claim, plaintiff has failed to demonstrate that she is disabled or is perceived as disabled, and thus she has not satisfied the first element of her hostile work environment claim.

But even if Thompson had shown that she is disabled, her hostile work environment claim would still fail because she has not identified any comments or actions directed at her that were "expressly focused" on her disability. *See Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008). Instead, plaintiff alleges only that Briscoe-Armstrong "deliberately intimidated, frustrated and harassed [her] over four years," that she "continues to suffer from constant and pervasive harassment and ridicule from other security guards within the Department of Corrections," and that the District

10

has "fail[ed] to prevent and remedy the harassment." Am. Compl. ¶¶ 42-44. These allegations fall far short of showing that Briscoe-Armstrong's alleged harassment was related to, or motivated by, plaintiff's disability. And Thompson has proffered no evidence of "tangible workplace consequences, whether financial, physical, or professional" arising from Briscoe-Armstrong's alleged harassment. *Baloch*, 550 F.3d at 1201. Based on the totality of the circumstances, plaintiff's allegations plainly do not rise to the level of a hostile work environment.

### D. Plaintiff's Retaliation Claim

Finally, plaintiff claims that the letter of counseling she received was issued to retaliate against her for filing a charge of discrimination with the EEOC. Pl.'s Opp. 10. To survive the District's motion on this claim, Thompson was required to show that: "(1) [s]he engaged in a statutorily protected activity, (2) a reasonable employee would have found the challenged action materially adverse, and (3) there existed a causal connection between the protected activity and the materially adverse action." *Dudley v. Wash. Metro. Area Transit Authority*, 924 F. Supp. 2d 141, 176 (D.D.C. 2013) (internal quotation marks omitted). Thompson has satisfied the first element of her *prima facie* case by showing that she filed a charge of discrimination with the EEOC, which is, in fact, a statutorily protected activity. *See Slate v. Public Defender Serv. for the Dist. of Columbia*, 31 F. Supp. 3d 277, 292 (D.D.C. 2014). Thompson's *prima facie* case, however, fails at step two. How so?

It is well-settled that "[f]ormal criticism is not necessarily an adverse action[,] and it should not be considered such if it did not affect the employee's grade or salary."

11

*Arnold v. Jewell*, 6 F. Supp. 3d 101, 114 (D.D.C. 2013) (internal quotation marks and alterations omitted). Here, Thompson does *not* allege that the letter she received contained abusive or harassing language, or that it affected her position or salary. Indeed, the letter of counseling merely explained that Thompson's "decision to disregard [the DOC's] policy" with respect to extra library time compromised the DOC's impartiality and "indicated that [the DOC was] showing favoritism" to certain inmates. Def.'s Ex. 4. The letter discussed the negative impact that Thompson's actions had on the DOC, and it cautioned her that similar behavior in the future might result in corrective or adverse action being taken against her. *Id.* Thus, the letter constituted nothing more than job-related feedback and constructive criticism, "which can prompt an employee to improve her performance." *Baloch*, 550 F.3d at 1199. As such, Thompson has not demonstrated that the letter of counseling qualifies as an adverse employment action, and her claim of retaliation accordingly fails.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss or Motion for Summary Judgment—construed as a Motion for Summary Judgement—is GRANTED, and plaintiff's claims are DISMISSED with prejudice. A separate Order consistent with this decision accompanies this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge